IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOUSSAINT L'OUVERTURE MINETT, SR.,

                         Plaintiff,

    v.

OFFICER KRUTER,

                         Defendant.

ORDER

21-cv-30-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Toussaint Minett, Sr., who is incarcerated at the Oakhill Correctional Institution, has filed a proposed civil action under 42 U.S.C. § 1983, alleging that while he was incarcerated at the Rock County jail, defendant Officer Kruter violated his constitutional rights by repeatedly shining a bright light in plaintiff's eyes on February 23, 2019, even though he knew from plaintiff's past complaints and lawsuits that it aggravated plaintiff's serious eye condition. As explained in an order entered on April 8, 2021, dkt. #6, the court dismissed plaintiff's previous lawsuit raising this same claim (case no. 19-cv-205, dkt. #44) without prejudice for plaintiff's failure to exhaust his jail remedies before filing his lawsuit. Although it seems clear that plaintiff cannot exhaust his administrative remedies with respect to his claim, I gave him one final opportunity to explain why he did not complete the final step of the jail's five-step grievance process by filing a grievance with the sheriff in a timely manner.

      In his response to the court's order, plaintiff says that he filed his fifth and final grievance dated March 17, 2019 with the sheriff but that Captain Burdick intercepted that grievance and responded that "[t]here is no grievance here." Dkt. #7 at 2. According to

1

plaintiff, he thought the grievance went to the sheriff and that Captain Burdick responded on the sheriff's behalf. Plaintiff accuses Burdick of interfering with his attempt to exhaust his administrative remedies.

Plaintiff raised these same arguments in his previous lawsuit in response to defendant's motion to dismiss and in his motion for reconsideration of the court's order dismissing his claim. See case no. 19-205, dkt. ##44 at 3-4 and 48. As the court explained in that lawsuit, the grievance filed by plaintiff on March 17, 2019, relates to the conduct of a different officer and statements that officer allegedly made about the incident with defendant Kreuter. Therefore, even if plaintiff meant that grievance to be a fifth stage grievance about defendant Kreuter to the sheriff, it was not sufficient to notify the sheriff about Kreuter's alleged wrongdoing and allow jail administrators a fair opportunity to resolve the grievance without litigation. The grievance did not mention Kreuter at all or discuss any details of the alleged flashlight incident. Therefore, I find that plaintiff failed to exhaust his administrative remedies.

Although it is necessary to dismiss plaintiff's claim again without prejudice, Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice), plaintiff will not be able to exhaust this claim because any future grievance filed with the sheriff would be untimely.

ORDER

IT IS ORDERED that plaintiff Toussaint Minett, Sr.'s claim is DISMISSED without

prejudice for his failure to exhaust his administrative remedies before filing suit.

Entered this 25th day of May, 2021.

                                       BY THE COURT:

                                       /s/
                                      _____
                                       BARBARA B. CRABB
                                       District Judge